THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*

LORENZO BULL.

*v.*

ORLIN H. MINER, Auditor.

1. REFUNDING TAXES—*claimed to have been illegally assessed.* In no case can the State be compelled to refund a tax voluntarily paid, upon a claim of technical illegality in the assessment, provided the property on which it was paid was legally taxable.

2. So a State tax assessed against the shareholders of a national bank for the year 1865, under the law of this State then in force, and voluntarily paid, cannot be recovered back merely because the mode of assessment provided by that

law may have been illegal, the property upon which such tax was paid being subject, in some mode, to State taxation.

This was an application for a writ of mandamus, in the name of the people, on the relation of Lorenzo Bull, against Orlin H. Miner, Auditor of Public Accounts.

A statement of the case is sufficiently given in the opinion of the court.

Mr. N. BUSHNELL and Mr. O. C. SKINNER, for the relator.

Mr. ROBERT G. INGERSOLL, Attorney General, for the respondent.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an application by the Merchants and Farmers' National Bank of Quincy, on the relation of Lorenzo Bull, for a mandamus against the Auditor of Public Accounts of this State, to compel him to issue his warrant on the treasurer of the State, to refund to the bank, for the benefit of its shareholders, of whom the relator was one, certain taxes levied in 1865 by the State, on these shareholders for the taxes on their respective shares, and which they paid under protest.

The relator, not denying that taxes were justly due and payable by the bank in some form, claims that these so paid were illegally assessed, and therefore ought to be refunded, relying upon the decision by the supreme court of the United States in the case of *Bradley* v. *The People,* 4 Wallace, 459, a case taken by writ of error to this court.

The court place its decision in Bradley's case on *Van Allen* v. *The Assessors,* 3 ib. 573, from the State of New York, on the assumption that our statute taxing the State banks was substantially like that of New York.

This may be admitted, but there was one important feature in Bradley's case which that distinguished tribunal seems to have disregarded, on which the opinion of this court was mainly

based; that is, it was a matter of agreement—of contract between the State and these banks, that they should be taxed in the mode they were taxed by our State law.   It was an element of the contract which could not be obliterated by any power, without impairing the contract.   We still adhere to the opinion we then expressed, that the tax was legally levied; because it was the contract, it should be so levied.

But conceding the correctness of the decision of the Supreme Court of the United States, even by that decision, the stock of these banks was legally taxable by the State in some form; the objection was merely in the mode of collection, whether from the capital stock or from the individual shares which make up the capital stock.

This bank, and others, chose to waive the objection, and by paying the tax, paid only what was equitably due the State on this species of property, without any misapprehension or misunderstanding, or want of knowledge of the facts, and on no principle can they recover back money paid under such circumstances.

In no case, would we compel the State to refund a tax voluntarily paid, merely because of some technical illegality in the assessment, provided the property on which it was paid was legally taxable.   That this property was in this condition, cannot be denied or questioned, and the application to refund the tax levied and collected upon it, though in an irregular manner, has, in our judgment, neither an equitable nor meritorious basis.                    *Mandamus denied.*